**Commonwealth v. Trask**

*William A. Hebe,* for appellant.

*Ralph E. Kates, III,* for Department of Environmental Resources.

BROUGHTON, *Chairman,* October 7, 1974 — On September 27, 1972, Gary L. Metzger, Sanitarian I, Region II, N, Commonwealth of Pennsylvania, Department of Environmental Resources ("department"), issued the following order to cease and desist ("order") to Edwin Trask (incorrectly referred to as Edward Trask) ("Trask"):

"NO. 1

"TO: *Mr. Edward Trask*

*"Owner, agent or occupier of premises situated in Richmond Township, Tioga County, State of Pennsylvania.*

"In accordance with Title 25, Chapter 179 — Mobile Home Parks, Article 2, §179.2 of the Rules and Regulations, Pennsylvania Department of Environmental Resources, approved September 18, 1971, you are hereby ordered to:

"1. Cease and desist immediately any work that has begun in the construction, remodeling or alteration of a mobile home park.

"(a) Properly prepared plans and specifications must be submitted to and approved by the Department of Environmental Resources of the Commonwealth of Pennsylvania, prior to resumption or continuation of this work.

"(b) The plans and specifications shall include where applicable, data relating to the grounds, buildings, equipment, sewage disposal, and such other information as may be required by the Department.

"At the present time you have failed to submit the necessary plans and to receive approval of the same from the Department of Environmental Resources prior to the present addition to your mobile home park. The subject plans must be submitted and approved prior to any such construction."

Trask filed an appeal to this board from said order on or about October 10, 1972. The department filed a trial brief, pursuant to our pre-hearing order, on November 13, 1972. Trask filed his trial brief on March 15, 1973, and a hearing was held on this appeal before Louis R. Salamon, Esq., Board Hearing Examiner, on June 20, 1973.

## DISCUSSION

It is clearly stated in 25 Pa. Code §179.2[1] that properly prepared plans and specifications must be submitted to, and approved by, the department before work is begun on the construction, remodeling or alteration of a mobile home park.

---

1. Section 179.2 of Chapter 179, Rules and Regulations of the Department of Environmental Resources, Mobile Home Parks.

Furthermore, it is provided in 25 Pa. Code §179.6[2] that all sewage disposal systems serving a mobile home park shall be approved by the department and that such approval shall be based "upon satisfactory compliance with the provisions of Chapter 73 of this Title (relating to standards for sewage disposal facilities) and the Clean Streams Law [Act of June 22, 1937, P.L. 1987, as amended, 35 P.S. §691.1, et seq.] (35 P.S. §691.1, et seq.)."

Robert Ulan, the department's supervising sanitarian for the area in which this mobile home park addition is situate, testified that neither he nor anyone under his supervision ever received plans and specifications for either the construction of this addition or for the installation of sewage disposal systems to serve this addition. He also testified that the department has never approved either the mobile home park addition or the sewage disposal systems which Trask has placed thereupon.

Trask claims that he submitted detailed plans for the construction of this addition and for the installation of septic tanks and distribution lines to serve this addition to Jack Stabley, a sanitarian employed by the department. Trask claims that Stabley gave him informal approval to construct this addition and to install sewage disposal systems thereupon. Trask conceded that this approval was never formalized by the department but he claimed that he relied on the oral approval which he received from Mr. Stabley.

Mr. Stabley should have been produced to testify at the hearing in this matter. His testimony would have enabled this board to better evaluate the truth

2. Section 179.6 of Chapter 179, Rules and Regulations of the Department of Environmental Resources, Mobile Home Parks.

of Trask's claim. In view of Trask's claim of reliance upon the informal approval of Stabley, we find that Trask had the burden to produce him. Trask's failure so to do leads us to conclude that Stabley would not have corroborated Trask's claim. See Bayout v. Bayout, 373 Pa. 549, 96 A. 2d 876 (1953).

We find that Trask has not rebutted the testimony of Robert Ulan to which we have referred, that Trask has constructed this mobile home park addition and has installed sewage disposal systems thereupon without the authorization and approval, either formal or informal, of the department and that Trask has violated sections 179.2, supra, and 179.6, supra.

We are faced at the outset with the question of whether the department had the power and the authority to issue this cease and desist order to Trask solely because Trask was in violation of sections 179.2, supra, and 179.6, supra.

The department contends that its power and authority to issue such an order is contained in section 20 of The Administrative Code of April 9, 1929, P.L. 177, as amended by the Act of December 3, 1970, P.L. 834, 71 P.S. §510-17, which provides, in pertinent part, as follows:

"§510-17 (Adm. Code §1917-A). Abatement of nuisances

"The Department of Environmental Resources shall have the power and its duty shall be:

"(1) To protect the people of this Commonwealth from unsanitary conditions and other nuisances, including any condition which is declared to be a nuisance by any law administered by the department;

". . .

"(3) To order such nuisances including those detrimental to the public health to be abated and removed."

We would agree with the department that this language does provide the department with the authority to issue cease and desist orders; however, in order for this statute to apply in this case, the department must be able to prove that Trask has created an unsanitary condition, or that he has created a nuisance, or that what Trask has done has been declared to be a nuisance by any law administered by the department.

The department has proved that Trask added an eight-lot addition to his mobile home park, that Trask installed four 1,000-gallon septic tanks with 250 feet of leech line in sand, that Trask placed one mobile home onto a lot in this addition and that this mobile home was connected to one of the four septic tanks.

On the basis of this proof, we conclude that Trask has violated:

A. Sections 179.2 and 179.6, supra, of the department's Mobile Home Parks Regulations;

B. Section 7 of the Pennsylvania Sewage Facilities Act of January 24, 1966, P.L. (1965) 1535, as amended, 35 P.S. §750.7, which requires that one who seeks to install an on-lot sewage disposal system must have a permit so to do and that no such system may be covered until proper approval has been obtained;

C. The provisions contained in 25 Pa. Code §§71.51–71.54[3], which relate to the requirements

---

3. Sections 71.51–71.54 of Chapter 71, Rules and Regulations of the Department of Environmental Resources, Administration of Sewage Facilities Act.

that one who seeks to install an individual sewage system must submit a complete application for a permit to install it and must receive that permit prior to such installation;

D. The provisions contained in 25 Pa. Code §71.57[4], which relate to inspection of a sewage disposal system before it is covered.

There is no evidence in this record nor have we been cited to any authority for the proposition that an addition to a mobile home park and that the installation of an on-lot sewage disposal system create, without more, unsanitary conditions or nuisances.

We are aware of no law which declares that violations of the above-mentioned sections of the regulations of the department constitute a nuisance. We are aware of no statute which provides the authority to the department to issue a cease and desist order upon the violation of any of the above-mentioned sections of the regulations of the department.

There is no authority in the Pennsylvania Sewage Facilities Act, supra, for the issuance of a cease and desist order to restrain violations thereof. The remedies set forth in the Pennsylvania Sewage Facilities Act, supra, for violations thereof are the civil injunctive remedy[5] and the criminal remedy[6].

The department presented a great deal of evidence at the hearing in this matter which was de-

---

4. Section 71.57 of Chapter 71, Rules and Regulations of the Department of Environmental Resources, Administration of Sewage Facilities Act.

5. The Pennsylvania Sewage Facilities Act, supra, sec. 11, 35 P.S. §750.11.

6. The Pennsylvania Sewage Facilities Act, supra, sec. 12, 35 P.S. §750.12.

signed to convince us that the soil conditions in the Trask addition would preclude the safe and proper operation of an on-lot sewage disposal facility placed thereupon. The department called two experts, both of whom had visited the property comprising the addition, and each testified at length with regard to the fact that proper sewage effluent treatment and disposal could not be achieved in view of the soil characteristics and composition which they observed.

Neither expert conducted any thorough scientific test to support these conclusions. What is more significant is that although both experts testified that they visited this addition subsequent to the time when Trask had installed the septic tanks and subsequent to the time when Trask connected a mobile home to one of the septic tanks, neither expert conducted any tests at this mobile home to determine if there was a discharge of effluent therefrom to the system.

Finally, the department contends that Trask has violated The Clean Streams Law of June 22, 1937, P.L. 1987, as amended, 35 P.S. §691.1, et seq.

While it is clear that one who discharges sewage to the waters of the Commonwealth without a permit or without other authorization from the department, has violated section 202 of The Clean Streams Law, supra, 35 P.S. §691.202, and, while it is clear that such discharge is declared therein to be a nuisance, there was absolutely no proof presented in this record that Trask has permitted one drop of sewage to reach the waters of this Commonwealth from any source. Therefore, the department did not prove that Trask violated The Clean Streams Law, supra.

We must conclude that the department did not have the authority to issue the cease and desist

order to Trask dated September 27, 1972, because the department did not prove that Trask created an unsanitary condition by anything that he did, and because the department did not prove that Trask did anything which any law declares to be a nuisance.

It is well established that the power and authority to be exercised by the department must be conferred by clear and unmistakable legislative language. See Green, et al. v. Milk Control Commission, 340 Pa. 1, 16 A. 2d 9 (1940), cert. denied 312 U.S. 708; Elias v. Environmental Hearing Board, 10 Pa. Commonwealth Ct. 489, 312 A. 2d 486 (1973). Since there is no such clear language which empowers the department to take the action which the department took in this case, we must sustain this appeal.

We note, in closing, that the department is not without its remedies against Trask for the violations which he has committed. We have alluded to the remedies available to the department under the Pennsylvania Sewage Facilities Act, supra.

## CONCLUSIONS OF LAW

1. The Environmental Hearing Board has jurisdiction of the parties and the subject matter.

2. The Department of Environmental Resources has the power and the authority to issue a cease and desist order under and by virtue of section 20 of The Administrative Code of April 9, 1929, P.L. 177, as amended by the Act of December 3, 1970, P.L. 834, 71 P.S. §510-17, to any person who has created an unsanitary condition, or who has created a nuisance, or has created a condition which is declared to be a nuisance by any law administered by the department.

3. Although the Department of Environmental

Resources has proved that appellant, Edwin Trask, owner, Trask Mobile Home Park, has violated section 7 of the Pennsylvania Sewage Facilities Act of January 24, 1966, P.L. (1965) 1535, as amended, 35 P.S. §750.7, and certain of the rules and regulations of the Department of Environmental Resources, to wit, 25 Pa. Code §179.2, 25 Pa. Code §179.6, 25 Pa. Code §§71.51–71.54, and 25 Pa. Code §71.57, the department has not proved that appellant Trask created an unsanitary condition, or that appellant Trask created a public nuisance, or that appellant Trask did anything which any law declares to be a nuisance.

4. The Department of Environmental Resources has failed, in this matter, to prove that the prerequisites for the issuance of a legally effective order as set forth in section 510-17, supra, are here present.

### ORDER

And now, October 7, 1974, the captioned appeal is hereby sustained.